

Cite as 2014 Ark. App. 235

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-13-473

| | | |
|---|---|---|
| | | **Opinion Delivered** April 16, 2014 |
| LELAND M. FLEMING | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, |
| | APPELLANT | FORT SMITH DISTRICT [NO. CR-12-794] |
| V. | | |
| | | HONORABLE JAMES O. COX, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Leland M. Fleming appeals from his Sebastian County Circuit Court conviction for failure to comply with the sex-offender registration and reporting requirements of Ark. Code Ann. § 12-12-904 (Repl. 2009). He argues that the State failed to prove that he acted willfully and thus failed to meet its burden of proving all of the elements of the crime of failing to register as a sex offender. Because proof of intent is not a necessary element of the crime of failure to register, we affirm.

In 2006, Fleming was convicted of two counts of second-degree sexual assault. As a result, he was required by law to register as a sex offender with which he initially complied. On June 7, 2012, Fleming completed and provided to his sex-offender coordinator, Fort Smith Detective Michael McCoy, a change of address form. On July 8, 2012, he was arrested for unpaid fines. He was released three days later, but failed to report to his sex-offender

SLIP OPINION

coordinator upon his release.[1]  On August 17, 2012, McCoy attempted to contact Fleming at his previous registered address, but was informed that Fleming had moved the day before. A warrant was issued for Fleming's arrest on August 29, 2012.  Fleming made no contact with McCoy until his arrest on the warrant on September 26, 2012.

At trial, Fleming claimed to be homeless and living in his truck after his release from jail.  He stated that he was unaware that there was a form to fill out with the police stating that he was living in his truck.  This testimony was contradicted by Detective McCoy, who testified that he informed Fleming that a vehicle could be registered as an address—he need only fill out a form with the make, model, and location of the vehicle.  Fleming also stated that he knew he needed to register, but simply forgot to do so.  He did not deny that he had not registered.  A jury found him guilty of failure to comply with the reporting requirements of the Sex Offender Registration Act, and he was sentenced to five years in the Arkansas Department of Correction with five years suspended.

On appeal, Fleming argues that the State failed to prove that he acted willfully and thus failed to meet its burden of proving all of the elements of the crime of failing to register as a sex offender.  When reviewing a challenge to the sufficiency of the evidence, the appellate court will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State.  *Delamar v. State*, 101 Ark. App. 313, 276 S.W.3d 746

---

[1]Arkansas Code Annotated section 12–12–906(c)(1)(A)(ii) and (vii) require that a registered sex offender report any changes in his address in writing ten days before the change, or in the case of an unanticipated move, providing the new address in writing no later than three business days after establishing residency.

SLIP OPINION

(2008). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another without resort to speculation or conjecture. *Id*.

Appellant was convicted of failure to register as a sex offender. A person is guilty of a Class C felony if he fails to register or verify registration as required. Ark. Code Ann. § 12-12-904(a)(1)(A)(i) (Repl. 2009). Under the Act, a person who has been adjudicated guilty of a sex offense has a duty to register as a sex offender using a registration form prepared by the Arkansas Crime Information Center. Ark. Code Ann. §§ 12-12-906 and -907 (Repl. 2009). The Act further provides that, before a sex offender changes his address within the state, he is required to report the change to the center no later than ten days before the offender established residency or is temporarily domiciled at the new address. Ark. Code Ann. § 12-12-909(b)(1) (Repl. 2009). A change of address is defined as a change of residence, a change of job location, or any other change that alters where an offender regularly spends a substantial amount of time. *See* Ark. Code Ann. § 12-12-903(4) (Repl. 2009). The sex-offender-registration requirements are mandatory and failure to comply with those duties is a strict-liability offense. *See Adkins v. State*, 371 Ark. 159, 264 S.W.3d 523 (2007).

Here, the parties stipulated that Fleming had previously been convicted of a crime requiring his registration as a sex offender. Detective McCoy testified that Fleming had been advised of his obligation to register and had been informed how to do so. He further stated that Fleming had been reporting to his department for over four years and that Fleming was aware of his responsibilities to do so. Detective McCoy further testified that Fleming had been

3

jailed on July 8, 2010, and that Fleming had failed to report within ten days of his release as required by the statute. After Detective McCoy was unable to locate Fleming, he obtained an arrest warrant. Fleming admitted in his testimony that he had failed to register, but gave excuses for his failure to do so. Because the State proved that Fleming was required to register but failed to do so, and because the State was not required to prove that he failed to do so with any particular culpable mental state, there was sufficient evidence to support the conviction.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.