James HUTTS *v.* STATE of Arkansas

CR 00-708                                    28 S.W.3d 265

Supreme Court of Arkansas
Opinion delivered October 12, 2000

*Tatum, Tatum & Riedel,* by: *John C. Riedel,* for appellant.

*Mark Pryor,* Att'y Gen., by: *James R. Gowen, Jr.,* Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant James Hutts was charged with capital murder and aggravated robbery, along with four accomplices, for the January 5, 1999, death of Ruben Moore. The appellant was tried individually. A jury found appellant guilty of capital murder and aggravated robbery. Appellant was sentenced to life imprisonment without parole[1] and twenty-five years, respectively. From that verdict, this appeal is now taken.

Appellant asserts the following on appeal:

1) There is insufficient evidence to sustain a guilty verdict on the charge of capital murder[2] in that:
   A) There was not sufficient corroboration of the accomplice testimony offered at trial to sustain a conviction;
   B) If there was sufficient corroboration of the accomplice testimony, there was still insufficient evidence to support the conviction.

We affirm.

## I. Sufficiency of the Evidence

Appellant first challenges the sufficiency of the evidence on the basis that the State did not sufficiently corroborate the testimony of Foster Riley, an accomplice to the robbery and murder. The State contends that this Court cannot reach the merits of this claim, however, because appellant failed to challenge the sufficiency of the accomplice-corroboration evidence in his motion for directed verdict at trial. We agree.

■■ The requirement that a defendant make a specific directed-verdict motion extends to any challenge to the sufficiency

---

[1] As the death penalty had previously been waived by the State, the only possible sentence for appellant to receive upon having been convicted of capital murder was life imprisonment without parole. Therefore, the jury did not deliberate on the sentence for the capital murder conviction, as no deliberation was necessary.

[2] Appellant does not challenge his aggravated-robbery conviction or sentence on appeal.

of the evidence corroborating an accomplice's testimony, and the failure to challenge the sufficiency of accomplice-corroboration evidence in a directed-verdict motion at trial precludes appellate review on that ground. See, e.g., Jones v. State, 318 Ark. 704, 889 S.W.2d 706 (1994). At the close of the State's case-in-chief, as well as at the close of all of the evidence, appellant's counsel moved for a directed verdict on Mr. Hutts's behalf. Appellant's counsel stated, "[t]hey have failed to demonstrate that my client, James Hutts, has aided or abetted in any significant way the murder of Ruben Moore." The language used by appellant's attorney at trial is virtually identical to the language used by defense counsel in the Jones case, supra, wherein we held that the failure of defense counsel to include accomplice testimony as a ground for a directed verdict rendered the motion insufficient to preserve specific arguments for appellate review. We held in Jones that a "bright line" has been drawn and that directed-verdict motions must state specific grounds. Id. at 712, 889 S.W.2d at 709-10. As in Jones, because counsel for appellant did not specifically challenge the State's evidence corroborating Riley's testimony in his directed-verdict motion, his argument is barred.

Appellant further asserts that regardless of whether or not the accomplice-corroboration testimony was sufficient, there was still insufficient evidence to support the conviction. We disagree and hold that the evidence presented at trial was sufficient to sustain appellant's conviction.

■■ We have held that the test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Substantial evidence is evidence that is of sufficient certainty and precision to compel a conclusion one way or another. Byrd v. State, 337 Ark. 413, 992 S.W.2d 759 (1999); Ladwig v. State, 328 Ark. 241, 943 S.W.2d 571 (1997). In a challenge to the sufficiency of the evidence, the appellate court reviews the evidence in the light most favorable to the State and sustains a judgment of conviction if there is substantial evidence to support it. Abdullah v. State, 301 Ark. 235, 783 S.W.2d 58 (1990).

The evidence presented at trial established that on January 4, 1999, pursuant to conversations which occurred over the previous two weeks, appellant drove three accomplices — Marcus Ray,

Foster Riley, and Phillip Jones — to the victim's residence with the purpose of robbing him. They had planned to take baseball bats with them to "paralyze" the victim so that they could successfully rob him; however, they decided that simply paralyzing the victim would leave him able to identify them. Therefore, they determined that shooting him would be best. The men, armed with a .22-caliber handgun, had planned for Riley to lure Mr. Moore away from his house so that Ray could shoot him. However, the plan was aborted that evening when the victim refused to leave his residence.

The following evening, the four men again attempted to carry out their plan, accompanied this time by Jermaine Wimbush. When they arrived at the victim's residence, appellant parked the car approximately fifty feet from the house, and Riley, Jones, and Wimbush got out of the car with the gun and some baseball bats to carry out the robbery. At that time, Ray told the three men that he and appellant were "tired of coming back empty-handed." Riley, Jones, and Wimbush then approached the victim's residence, and Wimbush lured the victim away from his house. Jones, who had the gun, could not shoot the victim, however, because Wimbush was in the way. The three men then returned to the car.

At the car, appellant and the four accomplices decided to return to the house to "finish" the job by shooting the victim and stealing his money and alcohol. Riley, Jones, and Wimbush then left the car a second time and approached the victim's house. Riley stopped before reaching Mr. Moore's residence to "use the bathroom," and Jones and Wimbush continued on to Moore's house. Immediately thereafter, either Jones or Wimbush knocked on the side of the victim's trailer home, the door opened, and a gunshot was fired. The three men then returned to the car and left with appellant driving. While in the car, Jones returned the gun to Ray, who was sitting in the front passenger's seat next to appellant. Appellant and Ray asked the other three what they had gotten from Mr. Moore, and Jones responded by saying, "we got nothing." The men had actually stolen a total of $6.35 from Mr. Moore.

When the police arrived at the victim's residence, they discovered his body lying outside the front door of the house with the pants pockets turned inside out. The cause of death was determined by the State medical examiner to be homicide. More specif-

ically, the victim's death occurred from a close-range gunshot wound to the neck from the .22-caliber handgun, which was later found in Ray's house.

During the investigation, appellant gave a statement to police in which he admitted to driving the other four accomplices to the victim's residence on the night of the murder in order to rob Mr. Moore. Although he denied knowing that his accomplices intended to *kill* the victim, appellant's confession indicates that, at the very least, he was aware that he participated in a robbery. Appellant's intent to participate in the robbery was confirmed at trial by Larry Mahan, Barbara Crowell, and Rebecca King, who each testified that they overheard appellant and Ray planning to commit the robbery.

In this case, the State first proved that a felony capital murder was committed. A person commits capital murder if, acting with one or more other persons, he commits or attempts to commit robbery, and in the course of committing the robbery, he or his accomplice(s) causes the death of another person under circumstances manifesting an extreme indifference to the value of human life. *See* Ark. Code Ann. § 5-10-101(a)(1)(Repl. 1987). A person commits aggravated robbery when, with the purpose of committing a theft, he inflicts death upon another person or when he employs physical force upon another while armed with a deadly weapon. *See* Ark. Code Ann. § 5-12-103(a)(1)-(2) (Repl. 1987).

■ Aside from Foster Riley's testimony at trial, the State independently established the commission of the crime through the medical examiner's testimony that the cause of death was homicide. The State also proved that the murder was committed during the course of the commission of an aggravated robbery. Although he denied knowing that his accomplices intended to kill the victim, he knew that he was participating in a robbery, as three separate witnesses testified that they had overheard appellant planning the robbery. The testimony further revealed that the victim's pockets were found turned inside out, consistent with the occurrence of a robbery. Clearly, sufficient evidence was presented to sustain a conviction for capital murder.

## II. Rule 4-3(h) Compliance.

The record has been reviewed for prejudicial error pursuant to Ark. Sup. Ct. R. 4-3(h), and no reversible errors were found.

Affirmed.