SLIP OPINION

Cite as 2015 Ark. App. 88

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-689

| | | |
|---|---|---|
| DIJUAN THOMAS | | **Opinion Delivered** FEBRUARY 11, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION [NO. CR 2013-3009] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| | | AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellant Dijuan Thomas appeals from his conviction for committing a terroristic act, for which he was sentenced to three years' incarceration followed by a five-year suspended imposition of sentence (SIS). He was also ordered to pay $2000 in restitution. On appeal, Thomas challenges the sufficiency of the evidence supporting his conviction. We affirm.

Thomas was charged in September 2013 with committing a terroristic act in violation of Ark. Code Ann. § 5-13-310 (Repl. 2013), after he shot a gun at a vehicle occupied by victim Jana Fells. Thomas waived his right to a jury trial, and a bench trial was held on April 3, 2014.

At trial, Fells testified that on the evening of July 22, 2013, she got into an argument with Thomas at a friend's apartment. She left the apartment, and Thomas followed her, stating that he was going to "shoot [her] car up." As Fells was getting into her car, she

testified that Thomas stood in front of the car and started shooting, causing damage to the front hood, the alternator, the radiator, and the air conditioner. Fells stated that another friend, Joneisha Robinson, who had been sitting in the backseat of the vehicle, hid on the floor. Fells testified that she was able to drive the car home after the shooting and that she told her grandfather about the incident the next morning. She stated that the vehicle was a 2002 Chevrolet Impala that was given to her by her grandfather. Fells went to the Little Rock Police Department the next day to report the shooting. She gave the police a picture of Thomas that she had printed from Thomas's Facebook page and told them that this was the person who had shot at her car.

Fells's grandfather, Floyd Cooper, testified that the Impala was his vehicle but that he had given it to Fells. He learned that the car had been damaged on July 23, 2013, when Fells told him about the shooting and that she knew the person who had done it. Cooper stated that there was approximately $1500 to $1700 in damage to the vehicle and that they had to sell it. He testified that he paid approximately $1500 to partially repair the vehicle and then sold it for $2500. However, Cooper stated that he could have sold it for $3500 if it had not been damaged. Detective Jarred McCauley with the Little Rock Police Department also testified and stated that he investigated the shooting and that he was able to identify Thomas as the alleged perpetrator based on the picture provided to him by Fells.

On behalf of the defense, Joneisha Robinson testified that on the night of July 22, 2013, she was with Fells. Robinson stated that she waited by Fells's vehicle while Fells went inside a friend's apartment. Robinson testified that when Fells returned, she was talking to

a male, and as Robinson got into the rear seat of Fells's vehicle, she heard gunshots. She indicated that she could "see a little bit of the person who shot the car" and that the person was not Thomas. Robinson admitted on cross-examination, however, that she did not "exactly see the person that was shooting" and that she just saw "his shadow."

At the conclusion of the trial, the circuit court found Thomas guilty of committing a terroristic act. He was sentenced to three years' imprisonment followed by five years' SIS, in addition to being ordered to pay $2000 in restitution. The judgment and commitment order was entered on May 2, 2014, and Thomas filed a timely notice of appeal.

In his sole point on appeal, Thomas argues that the circuit court erred in denying his motion for dismissal because the State failed to prove that he committed the offense of terroristic act. A motion for a directed verdict, or in a bench trial, a motion for dismissal, is a challenge to the sufficiency of the evidence. *Thornton v. State*, 2014 Ark. 157, 433 S.W.3d 216. On appeal, the sufficiency of the evidence is tested to determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Id*. In determining whether there is substantial evidence to support the verdict, this court reviews the evidence in the light most favorable to the State and considers only that evidence which supports the verdict. *Id*. Substantial evidence is that evidence which is of sufficient force and character to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*.

Arkansas Code Annotated section 5-13-310(a) (Repl. 2013) states that

(a) A person commits a terroristic act if, while not in the commission of a lawful act, the person:
(1) Shoots at or in any manner projects an object at a conveyance which is being operated or which is occupied by another person with the purpose to cause injury to

SLIP OPINION

another person or damage to property; or
(2) Shoots at an occupiable structure with the purpose to cause injury to a person or damage to property.

Thomas does not challenge the evidence that he shot at Fells's vehicle; instead, he argues on appeal that there was insufficient evidence to show that he acted with the purpose to cause injury to Fells or to cause property damage. He contends that the evidence that Fells was uninjured and that she was able to drive the car away after the shooting "weighs in favor of lack of purpose to cause injury or damage."

We are unable to address Thomas's argument on appeal, however, because it is not preserved for appellate review. Under Arkansas Rule of Criminal Procedure 33.1(b) (2014), in a bench trial, a defendant must make a motion for dismissal at the close of all the evidence and must state the specific grounds for his motion. A failure to challenge the sufficiency of the evidence in the manner required under Rule 33.1(b) constitutes a waiver of any question pertaining to the sufficiency of the evidence on appeal. Ark. R. Crim. P. 33.1(c).

While Thomas made a motion for dismissal at trial and also renewed his motion after the State presented rebuttal testimony, he has changed the grounds for his argument on appeal. In his motions for dismissal at trial, he argued that there was insufficient evidence to identify him as the shooter based solely on Fells's testimony. He did not challenge whether he had the requisite intent to commit the offense, as he now does on appeal. Thus, we do not address the merits of Thomas's argument, and we affirm his conviction. *See Tillman v. State*, 364 Ark. 143, 217 S.W.3d 773 (2005) (A defendant is bound by the scope and nature of arguments made at trial, and appellate courts limit their review to those grounds for

4

directed verdict that were argued below.).

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, *Lisa Thompson*, Deputy Public Defender, by: *Margaret Egan*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.