Cite as 2025 Ark. App. 521

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-24-181

| | | |
|---|---|---|
| THOMAS ELLIS | | Opinion Delivered October 29, 2025 |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-22-210] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CREWS PURYEAR, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**MIKE MURPHY, Judge**

This case returns to us after we remanded to settle and supplement the record in *Ellis v. State*, 2025 Ark. App. 90. The defect has been resolved and we now address counsel's no-merit brief and motion to be relieved pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b). A jury convicted appellant Thomas Ellis of one count of second-degree sexual assault and sentenced him to sixty months' probation. His counsel contends there are no meritorious grounds to support an appeal. Ellis has filed pro se points for reversal, and the State has filed a brief in response. We affirm and grant counsel's motion to be relieved.

The victim, an eleven-year-old female child (MC), testified that sometime in 2022, she and other members of her family were spending the night at the home of her grandmother,

Angie Henry. MC testified that she was lying on the air mattress in the living room when Ellis lay down next to her. According to MC, Ellis then started touching her and putting his arms around her; a little later, he pulled his shorts down and then pulled her shorts down, including her underwear. According to MC, Ellis then touched her bare buttocks with his penis and rubbed it against her.

Henry testified that she recalled one incident when Ellis and MC were both at her house. Ellis and Henry's husband were grilling outside while Henry was inside with the children. Henry told MC to lie down on the air mattress in the living room. Shortly after, Henry's husband and Ellis came inside. Henry's husband sat in the recliner in the living room, and Ellis lay down on the air mattress with MC. Henry said that Ellis had his arm around MC, and the covers were pulled up over them. Henry testified that she told Ellis to "get up." Henry momentarily left the room, and when she returned, Ellis had not complied. She then forcefully told Ellis again to get up. At that point, MC got up from the floor and went to the bathroom. Henry said that MC was upset and did not want to leave the bathroom. Henry convinced her to go sleep in another bedroom where Henry's daughter was and to lock the door.

The State also introduced a segment of a videotaped interview of Ellis by an investigator with the Drew County Sheriff's Department. In the interview, Ellis admitted lying down on the air mattress with MC. However, he denied touching MC on "her private" and said that he only "cuddled" her.

At the close of the State's case, Ellis moved for a directed verdict, arguing that the State had failed to prove the element of sexual gratification. Citing the testimony and trial exhibits, the circuit court ruled that the element of sexual gratification was inferred by the circumstances of the case and denied the motion.

Ellis testified in his own defense and denied that he had done anything of a sexual nature to M.C. On cross-examination, Ellis admitted that MC's testimony had gotten the details right about the circumstances surrounding the incident that occurred at Henry's house; however, he denied that he molested MC. When Ellis stated that he only "bear hugged" her and did not tell the investigator that he had "cuddled" with MC, the tape of the interview was played again, confirming that Ellis had used the word "cuddled."

Ellis's wife testified that she did not see anything inappropriate happen between Ellis and MC and that she was not made aware of the allegations until several months later. Three additional witnesses testified to Ellis's reputation for truthfulness and honesty. At the close of all the evidence, Ellis renewed his motion for a directed verdict, again claiming that the State had failed to adduce substantial evidence of the element of sexual gratification. It was again denied.

After being instructed by the circuit court and hearing arguments of counsel, the jury retired to deliberate and returned a verdict of guilty on one count of second-degree sexual assault. The State called one additional witness in the sentencing phase of the trial, and after arguments of counsel, the jury again retired to deliberate and returned a sentence

recommendation of five years' probation. The circuit court imposed the sentence accordingly. This no-merit appeal followed.

A request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief containing an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1). A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *Moore v. State*, 2022 Ark. App. 5. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Stephenson v. State*, 2023 Ark. App. 453.

Counsel contends that there are no issues of merit to support an appeal and has adequately explained why an appeal would be wholly frivolous. We first address whether the conviction was supported by sufficient evidence. When reviewing a challenge to the sufficiency of the evidence, we must assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Collins v. State*, 2021 Ark. 35, at 4, 617 S.W.3d 701, 704. We affirm a conviction if substantial evidence exists to support it. *Price v. State*, 2019 Ark. 323, at 4, 588 S.W.3d 1, 4. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.*, 588 S.W.3d at 4. Witness credibility is an

4

issue for the fact-finder, which may believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *McKisick v. State*, 2022 Ark. App. 426, at 4, 653 S.W.3d 839, 843.

Arkansas Code Annotated section 5-14-125 (Supp. 2023) states that a person commits second-degree sexual assault if the person, being eighteen years of age or older, engages in sexual contact with another person who is less than fourteen years of age. "Sexual contact" means an act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101 (Supp. 2023). "Sexual gratification" is not defined in the statute, but the Arkansas Supreme Court has construed the words in accordance with their reasonable and commonly accepted meanings. *DeJohn v. State*, 2021 Ark. App. 495, at 3–4, 638 S.W.3d 32, 34. The State is not required to provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act because sexual gratification is rarely capable of proof by direct evidence and must usually be inferred from the circumstances. *Compton v. State*, 2023 Ark. App. 587, at 8, 682 S.W.3d 348, 354. The jury is free to believe the State's version of the facts over the defendant's account, is not required to abandon common sense, and may draw reasonable inferences from the evidence. *Id.*

Here, MC testified that Ellis engaged in conduct, when she was under the age of fourteen, that would satisfy the definition of "sexual contact," and it could be assumed that the desire for "sexual gratification" was a plausible reason for his conduct. Viewed in the

light most favorable to the State, this testimony alone constitutes substantial evidence to support Ellis's conviction for second-degree sexual assault. Therefore, we hold that there would be no merit to an appeal of the sufficiency of the evidence.

The brief abstracts and discusses one other evidentiary ruling that was adverse to Ellis, and counsel argues that this adverse ruling is not a meritorious ground for reversal. We agree.

During direct examination, Ellis began a response to a question regarding what he thought when he discovered that he had been charged and referenced that he had worked for the state penitentiary. Before he could complete the statement, the State objected on the basis of relevance. The court assumed that Ellis was about to state that he saw sexual predators at the penitentiary and did not think he was one of them. Defense counsel agreed with this assumption, and the court sustained the objection on the basis of relevance.

The circuit court did not abuse its discretion in granting the State's evidentiary objection.

Ellis makes three pro se points for reversal. First, he contends that his "whole defense" involved the use of a videotaped interview instead of the excerpt relied on by the State. Ellis's argument is not preserved because he did not object to the playing of the excerpt of his statement, nor did he make a proffer of the exhibit he sought to admit. It is well settled that an appellant bears the burden of producing a record that demonstrates error. *Banks v. State*, 2024 Ark. App. 357, at 2. Moreover, it is the obligation of an appellant to obtain a ruling from the circuit court to preserve an issue for appellate review. *Lester v. State*, 2024 Ark. App. 206, at 17, 687 S.W.3d 344, 357.

6

Next, Ellis asserts that his counsel failed to "do his homework on the case and was not really prepared." It is well settled that we will not consider ineffective-assistance-of-counsel claims on direct appeal unless that issue has first been considered by the circuit court. *Chandler v. State*, 2024 Ark. App. 260, at 9, 688 S.W.3d 170, 175. Here, Ellis's ineffective-assistance-of-counsel claim was not raised below and, thus, cannot be raised here for the first time.

Last, Ellis contends that it is "unconstitutional that a man can be convicted on no evidence. Just a person saying something happened with no witnesses or evidence to support." Ellis concedes that a victim's testimony alone is sufficient but questions whether this accounts for someone "that lied under oath." The contention that MC lied under oath was not raised at trial and is not preserved for our review.

From our review of the record and the brief presented to us, we find compliance with *Anders* and Rule 4-3 and hold that the appeal is wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm Ellis's conviction.

Affirmed; motion to withdraw granted.

GLADWIN and HIXSON, JJ., agree.

*John Wesley Hall* and *Samantha J. Carpenter*, for appellant.

One brief only.

7