Cite as 2026 Ark. App. 119

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-25-341

| | |
|---|---|
| QUINTON EARL SETTLES<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered February 25, 2026<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NO. 60CR-23-569]<br><br>HONORABLE LATONYA HONORABLE, JUDGE<br><br>AFFIRMED |

**BART F. VIRDEN, Judge**

Quinton Earl Settles appeals from his conviction of a Class D felony in the Pulaski County Circuit Court.[1] We affirm.

I. *Relevant Facts*

On October 31, 2023, Settles was charged by amended felony information with one count of first-degree domestic battery, one count of tampering (attempting to induce another person to testify or inform falsely), and one count of violation of a no-contact order. The charges were severed, and a jury trial on the domestic battery charge was held first. The jury convicted Settles of first-degree domestic battery, and he was sentenced to twenty years'

---

[1]Settles was also convicted of violating the no-contact order against him. He does not appeal this conviction.

incarceration in the Arkansas Division of Correction. Settles appealed his conviction, and we affirmed. *Settles v. State*, 2025 Ark. App. 243, 714 S.W.3d 294.

On June 20, 2024, the bench trial on the charges of witness tampering and violation of a no-contact order was held. Settles's recorded phone calls from the facility to the victim, who initially was going to be called as a witness, were played for the court. The jury heard Settles tell Ruthia Jones she needed to tell the investigators that she was on heavy medication when she made the statements against him. He stated,

> [L]et the detects know that you were on the medication when you were talking to them, and that you don't remember when you were talking to them. . . . that you were just drugged up on your pain meds, which you was, and let them know that you're gonna have to call them back and let them know that you were drugged up 'cause you don't even remember talking to them. And they gonna throw it out.

North Little Rock Police Department detective Lonnell Tims testified that he interviewed Jones and was familiar with her voice, and he identified the female voice on the above recording as Jones's.

After the State rested its case, Settles moved to dismiss. Settles asserted that the State failed to prove beyond a reasonable doubt that he tampered with evidence because the State had not "met any of those criteria that was set for a tampering. You didn't see what he -- he didn't falsify anything. He didn't alter anything. He didn't destroy anything. I mean, he didn't -- he didn't do anything that the statute would require him to do." Settles also argued that the State was violating the prohibition against double jeopardy. The motion was denied.

Settles testified in his own defense and asserted that he was only telling Jones to let the detectives know that she was heavily medicated when she made the statement to them.

2

The defense rested, and Settles failed to renew his motion to dismiss. Settles was convicted of both charges. For tampering, Settles was sentenced to six years' incarceration in the Arkansas Division of Correction, and on the violation of a no-contact order, he was sentenced to one year in the Pulaski County jail, with the sentences to run concurrently.

Settles timely filed his notice of appeal, and this appeal followed.

II. *Discussion*

On appeal, Settles argues that there was insufficient evidence that he committed the crime of tampering under Arkansas Code Annotated § 5-53-110 (Repl. 2024). We decline to reach the merits of his argument because they are not preserved for appeal. Settles failed to renew his motion to dismiss at the end of all the evidence. Moreover, in his initial motion to dismiss, he did not specifically identify the elements of the crime not supported by the evidence.

Arkansas Rule of Criminal Procedure 33.1 (2014) provides in pertinent part as follows:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the

3

elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

It is well settled that this court strictly construes Rule 33.1. *Elkins v. State*, 374 Ark. 399, 288 S.W.3d 570 (2008). This court has also made it clear that to preserve a sufficiency-of-the-evidence challenge, a party must move for a directed verdict or for dismissal at the conclusion of the evidence and not during a closing argument. *See Raymond v. State*, 354 Ark. 157, 118 S.W.3d 567 (2003). Because Settles failed to renew his motion to dismiss at the close of his own case—the close of all evidence—he waived his sufficiency argument, and it is not preserved for review.

Additionally, Settles's motion did not meet the specificity requirements of Rule 33.1(b), either. To preserve for appeal a court's decision on a directed-verdict motion, the issue must be stated clearly and specifically to the circuit court. *Pinell v. State*, 364 Ark. 353, 219 S.W.3d 168 (2005). One reason for the specificity requirement is to allow the State, if justice requires, to reopen its case to present the missing proof; another reason is to ensure that this court does not decide an issue for the first time on appeal. *Id.*

A person commits the offense of tampering if, believing that an official proceeding or investigation is pending or about to be instituted, he or she induces or attempts to induce another person to testify or inform falsely. Ark. Code Ann. § 5-53-110(a)(1).

4

In his motion to dismiss, Settles argued that there was no evidence that he falsified, altered, or destroyed "anything." Because he did not identify the elements of the crime set forth in the statute, Settles's motion did not meet the specificity requirements of Rule 33.1. Accordingly, we affirm without reaching the merits of Settles's argument.

Affirmed.

HARRISON and BARRETT, JJ., agree.

*Law Office of John Wesley Hall*, by: *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for appellee.