Steven PINELL *v.* STATE of Arkansas

CR 04-1240 219 S.W.3d 168

Supreme Court of Arkansas
Opinion delivered December 8, 2005

*B. Dale West*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Steven Pinell appeals from his convictions for violation of a minor in the first degree and rape. On April 19, 2002, judgment was entered which contained a sentence of thirty-six months' imprisonment for violation of a minor and ten years' probation for rape. The State appealed the probation for rape. In *State v. Pinell*, 353 Ark. 129, 114 S.W.3d 175 (2003) (*Pinell I*), we reversed Pinell's probation and remanded the case, because the circuit court erred in sentencing him to probation for the crime of rape. Following our remand, the circuit court entered an amended judgment and commitment order in which it sentenced Pinell to 120 months' imprisonment. Pinell has appealed and his sole point on appeal is that there was insufficient evidence to sustain the rape conviction. We affirm the judgment of conviction.

S.L., the victim in this matter, testified at trial that she resided at the Vera Lloyd Presbyterian Home in Monticello during the spring of 2001. She was fifteen years old at the time and lived in the Barton house at Vera Lloyd with several other girls. Pinell and his wife served as the house parents at Barton and lived in the house as well.

In late February 2001, S.L. experienced a change in her relationship with Pinell. She testified that at that time, Pinell's physical and verbal actions toward her altered, and specifically, that

he began making "dirty" comments to her. She further testified to three nonconsensual sexual encounters with Pinell.

The first encounter occurred when S.L. returned to the house during school hours to retrieve her art project and some books for another resident. S.L. testified that while upstairs, Pinell came into her room, grabbed her by the arms, took off her pants and underwear, and raped her. She testified that before and afterwards, Pinnell told her that if she told anyone, they would not believe her, that he and she would both go to jail, and that he would lose his family.

The second encounter took place after S.L. finished visiting with her mother. S.L. testified that she had fallen asleep on a bean-bag chair in the family room at the Barton house. She said that it was getting dark and that Pinell came into the room, put his hand over her mouth, and like the time before, told her to be quiet and not to tell anybody. He then forced her to have sex with him.

The third encounter took place days later while the other residents were out. She testified that she was half-way up the stairs and going to her room when Pinell stopped her and told her to come back down. She said that he grabbed her arms as he had in the past and pushed her into the family room. He next pushed her onto the couch and raped her. Following the rape, Pinell told her to go to her room and go to bed.

Pinell testified in his defense and denied the charges. At the conclusion of the jury trial, the jury convicted Pinell as set forth above.

Pinell contends as his sole point on appeal that there was insufficient evidence to support his conviction for rape. He asserts that his conviction was based solely on the inconsistent testimony of S.L. He further alludes to the fact that there was no evidence in support of S.L.'s testimony, and he contends that S.L.'s testimony about her return visit back to the house conflicts with the testimony of Vera Lloyd employees as to the procedures that are in place at the home. He also points to the fact that S.L. told no one about the alleged attacks.

The State responds that Pinell's insufficiency-of-the evidence challenge is untimely in that he should have pursued an appeal from the judgment of conviction entered on April 19, 2002. In addition, the State avers in a footnote that Pinell's current appeal is barred by the law-of-the-case doctrine, because his

sufficiency challenge could have been litigated in the prior appeal and because any failure to resolve that issue results in piecemeal litigation which this court steadfastly avoids. In the alternative, the State argues that Pinell's sufficiency claim that the victim's testimony was not worthy of belief and thus insufficient to support his conviction fails for two reasons: (1) the argument is not preserved due to the lack of specificity of Pinell's motion for directed verdict at trial; and (2) his argument regarding lack of substantial evidence is wholly without merit. Pinell does not reply to the procedural points raised by the State.

We first address the State's procedural points. In this regard, a chronology of the two appeals is necessary. As already pointed out in this opinion, judgment was entered for first-degree violation of a minor and rape on April 19, 2002, and Pinell was placed on probation for rape. On May 9, 2002, the State filed a notice of appeal pertaining to the probation. On May 20, 2002, Pinell filed a notice of appeal, appealing "all issues[.]" On May 28, 2002, the State amended its notice of appeal to include also an appeal from the denial of the motion for resentencing, and on May 30, 2002, the State cross-appealed from Pinell's notice of appeal of the April 19, 2002 judgment and commitment order on the same grounds.

The same day as the entry of the amended judgment of conviction for ten years' imprisonment for rape, which was June 9, 2003, Pinell filed a notice of appeal "of the sentencing entered by the Circuit Court of Drew County[.]" No record was filed following this notice of appeal. On November 16, 2004, Pinell filed a *pro se* motion to proceed with his appeal, which we treated as a motion for rule on clerk and granted on January 27, 2005. We further directed Pinell's counsel of record, B. Dale West, to file a petition for writ of *certiorari* to bring up the remainder of the record for his appeal. Because we concluded that Mr. West was at fault in not perfecting the appeal, we forwarded a copy of our *per curiam* to the Committee on Professional Conduct. *See Pinell v. State*, CR04-1240 (Ark. Jan. 27, 2005) (*per curiam*).

What concerns us about this case are the multiple procedural deficiencies that have worked to Pinell's disadvantage. Counsel first filed a notice of appeal from the first judgment on "all issues" but did not pursue it. Instead, the State persevered in its appeal that related only to sentencing, and specifically to the probation for rape. We agreed with the State and reversed the probation and

remanded for resentencing in *Pinell I.* Counsel for Pinell remained quiet after filing the notice of appeal on Pinell's behalf on "all issues."

It subsequently came to light, based on Pinell's *pro se* motion for belated appeal which we treated as a motion for rule on clerk, that Pinell did want to follow through on his appeal from "his conviction." We allowed his appeal to continue in our *per curiam* order dated January 27, 2005. We note, however, that Pinell's notice of appeal, following resentencing, relates only to the sentence — not to the merits. Specifically, his notice of appeal from the amended sentence reads: "Comes the defendant, Steven Pinell, and gives notice of his appeal to the Arkansas Court of Appeals of the sentencing entered by the Circuit Court of Drew County, Arkansas, in the above cause on the 9th day of June, 2003." It is signed by defense counsel.

The State argues abandonment, untimeliness, and law of the case as grounds for affirmance. We note an additional procedural defect owing to Pinell's 2003 notice of appeal, which relates only to sentencing and not to the merits. What strikes this court, nonetheless, is that since his 2002 judgment of conviction, Pinell has shown a desire to appeal his conviction. Why his appeal was not fully perfected early on is unclear to this court. We do know that in January of this year, we ordered counsel for Pinell to pursue the matter at Pinell's behest, referred to counsel's failure in this regard, and sent the matter to the Committee on Professional Conduct. *See Pinell v. State,* CR04-1240 (Ark. Jan. 27, 2005) (*per curiam*).

Our dilemma now is that Pinell, by his notice of appeal, appealed only his sentence following the circuit court's amended sentence, whereas he has filed an appellant's brief in this appeal which addresses only whether substantial evidence supports the issue of guilt. This raises the appearance that error occurred in the preparation of the notice of appeal which limited Pinell's appeal just to matters related to sentencing. This seems especially so since Pinell stated in his *pro se* motion for belated appeal that he wanted to appeal "his conviction." And, of course, his brief filed by counsel does address sufficiency of the evidence supporting the conviction.

All this being the case, we choose to address the merits of Pinell's appeal which, again, is related to whether· substantial evidence supports the judgment of conviction for rape. We

conclude, however, that Pinell is procedurally barred from mounting this challenge on appeal. Arkansas Rule of Criminal Procedure 33.1 provides, in pertinent part:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.
>
> . . . .
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

Ark. R. Crim. P. 33.1(a, c) (2005).

This court has held that to preserve an issue for appeal from a decision on a motion for directed verdict, the issue must be stated clearly and specifically to the circuit court. *See Phillips v. State*, 361 Ark. 1, 203 S.W.3d 630 (2005). The reasoning underlying this holding is that when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof. *See id.* A further reason that the motion must be specific is that this court may not decide an issue for the first time on appeal. *See id.*

Here, counsel for Pinell made the following directed-verdict motion after the State rested its case, which the circuit court denied:

> DEFENSE COUNSEL: I'd like to make a motion for directed verdict because of the insufficiency of the evidence.

He then made the following renewal of his motion at the close of his defense, which the court again denied:

> DEFENSE COUNSEL: Your Honor, I would like to renew my motion on Count Three. The only evidence here has been force. Count Three, there's no force involved.

 Counsel's initial motion at the close of the State's case was manifestly a general challenge to the sufficiency of the evidence. It failed to point to any specific flaw in the State's case, nor did it specify any elements of the criminal acts which had not been proven. This court has held that Rule 33.1 is to be strictly construed. *See Pratt v. State*, 359 Ark. 16, 194 S.W.3d 183 (2004). Because Pinell's directed-verdict motion was nonspecific, it is not preserved for this court's review. Accordingly, we affirm the judgment of conviction.

Affirmed.

DICKEY, J., not participating.