

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-15-827

|  |  |
|---|---|
| CHRISTOPHER BREWER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** June 22, 2016<br><br>APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT<br>[NO. CR-2012-26-5]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## BRANDON J. HARRISON, Judge

Christopher Brewer was convicted of kidnapping and aggravated assault and now appeals his convictions. Brewer's counsel has filed a no-merit brief, along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. Brewer was provided with a copy of counsel's motion and brief and was informed of his right to submit pro se points for reversal in accordance with Rule 4-3(k)(2) of the Arkansas Rules of the Supreme Court; Brewer has filed pro se points, and the State has filed a brief in response. Because counsel has failed to comply with the requirements of Rule 4-3(k), we deny the motion to withdraw and order rebriefing.

In September 2012, Brewer was an inmate at the Cummins Unit of the Arkansas Department of Correction. Brewer had surgery to remove a cyst from his tailbone, and on 3 September 2012, he was taken to the infirmary to receive continuing treatment.

Once his handcuffs were unlocked, Brewer grabbed a nurse, Nicole Williams, and handcuffed himself to her. He then had her drop to her knees and held a shank to her throat. Brewer demanded that he be transferred out of the Cummins Unit, and once he was shown transfer paperwork signed by the warden, he released Williams unharmed. As a result of this incident, Brewer was charged with kidnapping and aggravated assault. In May 2015, Brewer was found guilty on both charges and sentenced to an aggregate term of forty-two years' imprisonment.

Brewer's attorney has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(k) (2015), along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id*. In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Williams v. State*, 2013 Ark. App. 323.

Here, counsel fails to list an adverse ruling and explain why it does not provide a meritorious ground for reversal. Before the case was submitted to the jury, the defense

2

requested a jury instruction on first-degree false imprisonment as a lesser-included offense of kidnapping. The defense's request for the jury instruction was denied, but the jury instruction was proffered and entered into the record.

Counsel's brief does not address this adverse ruling in his abstract or argument, nor does he include the proffered instruction in the addendum. The State abstracted the request for the jury instruction and briefly addressed whether false imprisonment is a lesser-included offense of kidnapping, although not in the context of the denied jury instruction. But the State's mention of this issue in its brief does not relieve counsel of his obligation to meet Rule 4-3(k)'s requirements. We hold that counsel's brief fails to comply with Rule 4-3(k), order rebriefing, and deny the motion to withdraw.[1]

Rebriefing ordered; motion to withdraw denied.

GLOVER and VAUGHT, JJ., agree.

*Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[1] For counsel's benefit, we note some possible problems with the record. A DVD containing video footage of the incident was admitted as State's Exhibit Number 2, but there is no DVD in the record. And in the discussion of Brewer's speedy-trial motion, the parties reference the State's response to Brewer's motion to dismiss on speedy-trial grounds, but the State's response is not in the record. This is by no means an exhaustive list; we encourage counsel to carefully review the record for any other omissions and seek supplementation of the record if necessary before refiling his brief with this court.