

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–15–827

| | |
|---|---|
| CHRISTOPHER BREWER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered March 1, 2017<br><br>APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. CR–2012-26-5]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BRANDON J. HARRISON, Judge**

Christopher Brewer was convicted of kidnapping and aggravated assault and now appeals his convictions. Brewer's attorney has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(k) (2016), along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. Brewer was provided with a copy of counsel's motion and brief and was informed of his right to submit pro se points for reversal in accordance with Rule 4–3(k)(2) of the Arkansas Rules of the Supreme Court; Brewer has filed pro se points, and the State has filed a brief in response. We affirm and grant the motion to withdraw.

In September 2012, Brewer was an inmate at the Cummins Unit of the Arkansas Department of Correction. Brewer had surgery to remove a cyst from his tailbone, and on 3 September 2012, he was taken to the infirmary to receive continuing treatment. Once

his handcuffs were unlocked, Brewer grabbed a nurse, Nicole Williams, and handcuffed himself to her. He then had her drop to her knees, and he held a shank to her throat. Brewer demanded that he be transferred out of the Cummins Unit, and once he was shown transfer paperwork signed by the warden, he released Williams unharmed. As a result of this incident, Brewer was charged with kidnapping and aggravated assault. In May 2015, Brewer was found guilty on both charges and sentenced to an aggregate term of forty-two years' imprisonment.

Brewer's counsel filed a no-merit brief and a motion to withdraw as counsel, but in June 2016, this court denied the motion and ordered rebriefing because counsel had failed to address an adverse ruling as required by Ark. Sup. Ct. R. 4-3(k). *Brewer v. State*, 2016 Ark. App. 334. Counsel has now submitted a brief addressing all adverse rulings. Specific facts pertinent to each adverse ruling will be discussed below.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id*. In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Williams v. State*, 2013 Ark. App. 323.

## I. *Sufficiency of the Evidence*

At the close of the State's case, Brewer's counsel moved for a directed verdict, arguing, "I would move for a directed verdict based on the fact that the State has failed to meet their burden of proof on the charge of kidnapping and aggravated assault, Your Honor." After the defense rested, Brewer's counsel renewed the motion by arguing, "I renew my motion for directed verdict on the same grounds as before."

On appeal, counsel "assumes that the basis for the motions was insufficiency of the evidence" and argues that "the trial court was correct in denying Appellant's motions for directed verdicts of not guilty and allowing the case to go forward to the jury." However, we need not decide whether the circuit court correctly denied the motion for directed verdict because the directed-verdict motion failed to preserve any challenge to the sufficiency of the evidence. Arkansas Rule of Criminal Procedure 33.1 (2016) requires that a defendant make a specific motion for directed verdict in which the defendant states the respects in which the evidence is deficient. In this case, Brewer made a general motion for directed verdict that was insufficient to preserve the issue for review.

Brewer also addresses this issue in his pro se points and argues that he moved for a directed verdict "on the basis that the elements of first degree false imprisonment were more fitting than kidnapping." This argument was not made in the directed-verdict motion below, and a party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal. *Stewart v. State*, 2012 Ark.

349, 423 S.W.3d 69. We hold that because the issue is not preserved, a challenge to the sufficiency of the evidence would be wholly frivolous.

## II. *Speedy Trial*

Brewer was charged with kidnapping and aggravated assault in an information filed 25 October 2012, and he was served with a bench warrant on 31 October 2012. A jury trial was set for 26 March 2013. The time period from 31 October 2012 to 25 March 2013 (145 days) was not excluded, but after a series of continuances initiated by the defendant, and a mental-health examination requested by the defendant and granted by the court, the time period of 26 March 2013 to 26 May 2015 was excluded from the time calculated for speedy trial.

Brewer filed two pro se motions to dismiss for lack of speedy trial on 10 February 2014 and 23 March 2015, and his attorney filed a similar motion on 21 May 2015. The State responded to the motion, and the court denied the motion prior to the start of the trial on 26 May 2015.

In his no-merit brief, counsel asserts that the overall period from the filing of the information to the jury trial was 943 days but that only two time periods actually counted toward the speedy-trial computation: (1) the time from the filing of the information (25 October 2012) to the defense's first continuance motion (26 March 2013), which is 152 days; and (2) the time period following the mental evaluation, which counsel claims is 10 July 2014 to 25 November 2014 (138 days). This is a total of 290 days not excluded, which means that Brewer was tried within 365 days, and no speedy-trial violation occurred.

Brewer addresses this in his pro se points and asserts that the overall time period from the filing of the information (25 October 2012) to the jury trial (26 May 2015) was 944 days and that the following time periods were not excluded: (1) the time from the filing of the information to the first continuance motion (26 March 2013), which is 152 days; (2) the time period following the mental evaluation, 10 July 2014 to 25 November 2014, which is 138 days; (3) 25 November 2014 to 24 February 2015, 81 days, based on the grant of the State's motion for continuance; (4) 24 February 2015 to 10 March 2015, 14 days, based on the court's continuance; and (5) 10 March 2015 to 26 May 2015, 80 days, based on the court's continuance. Based on Brewer's calculations, that is 465 days not excluded, which means he was not tried within 365 days, so the court erred in denying his motion for dismissal.

The State responds by explaining that the warrant was served on Brewer on 31 October 2012, and his trial began on 26 May 2015, which is a period of 937 days and establishes a prima facie case that his right to a speedy trial was violated. However, the State argues that the following time periods were excluded: (1) 25 March 2013 to 25 November 2014, 610 days, based on the defendant's motions for continuance and mental evaluation; (2) 25 November 2014 to 24 February 2015, 91 days, based on the defendant's allegations of malpractice that required the appointment of new counsel; (3) 10 March 2015 to 26 May 2015, 77 days, based on the grant of defendant's motion to continue. This results in 778 days excluded, leaving only 159 days, which is well within the one-year period.

We agree with the State's computation and hold that Brewer's right to a speedy trial was not violated. Thus, an appeal based on this issue would be wholly frivolous.

5

III. *Sentencing Testimony*

After Brewer was found guilty of kidnapping and aggravated assault, the State called Clarence Capps as a witness during sentencing. Brewer objected based on relevancy, arguing that he "currently has pending charges that haven't been resolved with Mr. Capps. . . . [I]t would be detrimental to my client if he testifies on the—an incident that he has current charges pending." The State countered that Capps's testimony was relevant character evidence. The court overruled Brewer's objection, and Capps testified that he was an employee of the Varner prison and that on 12 May 2014, Brewer poked him in the stomach and the arm with a piece of wire fencing and caused some scratches.

On appeal, counsel argues that the circuit court did not err in overruling Brewer's objection because relevant character evidence is admissible during the sentencing phase. *See* Ark. Code Ann. § 16-97-103(5) (Repl. 2006). Brewer addresses this issue in his pro se points and again argues relevancy. He also argues that Capps was a defendant in a separate civil suit brought by him, so there "was a conflict with the correctional officer Clarence Capps testifying during the sentencing phase." The State counters that relevant evidence is admissible and that this evidence of subsequent violent activity demonstrated Brewer's propensity to engage in violent illegal conduct.

The circuit court did not err in finding that Capps's testimony was admissible. "[E]vidence of prior or subsequent uncharged criminal conduct can be admissible at the penalty phase of a trial if it is relevant evidence of the defendant's character[.]" *Brown v. State¸* 2010 Ark. 420, at 14, 378 S.W.3d 66, 74. As to Brewer's argument that Capps had a conflict that should have prevented his testimony from being admitted, this argument was

not presented below and is therefore not preserved for our review. We hold that an appeal based on this point would be wholly frivolous.

### IV. *Jury Instruction*

At the close of the evidence, Brewer attempted to introduce a jury instruction on false imprisonment in the first degree as a lesser-included offense of kidnapping. The State objected, citing to case law holding that false imprisonment in the first degree is not a lesser-included offense of kidnapping, and the court denied the instruction.

On appeal, counsel argues that the circuit court did not abuse its discretion in denying the instruction and cites to case law holding that first-degree false imprisonment is not a lesser-included offense to kidnapping. *Davis v. State*, 365 Ark. 634, 232 S.W.3d 476 (2006). We hold that the circuit court did not abuse its discretion in refusing to instruct the jury on false imprisonment as it is not considered a lesser-included offense to kidnapping, thus an appeal based on this point would be wholly frivolous.

Affirmed; motion to withdraw granted.

HIXSON and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.