
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-1065

| | | |
|---|---|---|
| JESSE TORRES | | **Opinion Delivered** September 6, 2017 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-16-25] |
| V. | | |
| | | HONORABLE BRENT DAVIS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Jesse Torres appeals his conviction by a Craighead County jury of attempt to commit first-degree murder, for which he was sentenced to twenty-three years' imprisonment. His sole argument on appeal challenges the sufficiency of the evidence supporting his conviction. We affirm.

On November 15, 2015, Spencer Tyler Anderson spent the night at the home of a friend, T.J. Haney in an apartment on Dupwe St. in Jonesboro. There were multiple people staying in the apartment, including the appellant. The following morning, Anderson began asking everyone if he could use someone's phone in order to obtain a ride. Anderson entered an upstairs bedroom where appellant and two other people were, and he asked them if he could use one of their phones. Anderson testified that, after he had been told that they did not have phones, he slammed the door. A few moments later, as he entered the bathroom across

the hall, he turned around and the appellant shot him the face with a .45-caliber handgun. Anderson tried to grab the gun, and the appellant shot him at least once more in the stomach.

After the shooting, the appellant fled the apartment and went with a friend to her father's house in Stuttgart, where he was arrested. Anderson was seriously injured in the shooting, spending fifty-two days in intensive care. He testified that he "didn't wake up until 2016."

Appellant's sole point on appeal is a challenge to the sufficiency of the evidence supporting his conviction. When reviewing the sufficiency of the evidence, this court views the evidence in the light most favorable to the State, considering only evidence that supports the verdict, and affirms if substantial evidence, direct or circumstantial, supports the verdict. *Alexander v. State*, 78 Ark. App. 56, 62, 77 S.W.3d 544, 547 (2002). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* For circumstantial evidence to be sufficient, it must exclude every other reasonable hypothesis consistent with innocence, but whether it does so is left to the jury alone to determine. *Williams v. State*, 338 Ark. 97, 106–07, 991 S.W.2d 565, 569 (1999).

Appellant argues that there was insufficient evidence that he intended to kill Anderson. He specifically argues that he shot Anderson only in "non-fatal" parts of the body; however, he never raised this specific argument below and is therefore barred from raising it for the first time on appeal:

> Claims not raised below are not preserved for appellate review. *Pollard v. State*, 2014 Ark. 226 (per curiam). An appellant is limited to the scope and nature of his arguments made below, and we consider only those arguments that were considered by the trial

court in rendering its ruling. *See Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538 (per curiam).

*Anderson v. State*, 2015 Ark. 18, at 2, 454 S.W.3d 212, 215.

To the extent that appellant's motion for directed verdict argued that "there's been no evidence that Mr. Torres had any intent to commit the offense of first-degree murder," we see no grounds for reversal. Appellant shot Anderson at close range in the face and stomach, causing serious injury. The requisite intent for first-degree murder may be inferred from the type of weapon used, the manner of its use, and the nature, extent, and location of the victim's wounds. *Leaks v. State*, 345 Ark. 182, 186, 45 S.W. 3d 472, 476 (2000). The law also presumes that a person intends the natural and probable consequences of his actions. *E.g.*, *Davis v. State*, 2009 Ark. 478, at 11, 348 S.W.3d 553, 560. Under these circumstances, we hold that the jury was presented with substantial evidence of appellant's intent to kill, and we affirm.

Affirmed.

KLAPPENBACH and MURPHY, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.