

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-16-709

| | |
|---|---|
| | **Opinion Delivered** November 1, 2017 |
| DUSTIN L. MERCHANT | |
| APPELLANT | APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT [NO. 31CR-15-79] |
| V. | |
| STATE OF ARKANSAS | HONORABLE CHARLES A. YEARGAN, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## DAVID M. GLOVER, Judge

Dustin Merchant was convicted by a Howard County jury of theft of utility property, a Class B felony. He was sentenced as a habitual offender to fifteen years in prison and fined $7500. He was also ordered to pay restitution of $16,100 to Arkansas Southern Railroad. On appeal, Merchant makes four arguments: (1) his conviction should be overturned because the property did not meet the statutory definition of "utility property"; (2) the jury charge did not require the State to prove all elements required by the statute; (3) the lesser–included offense of misdemeanor theft should have been presented to the jury; and (4) the trial court erred in denying his motion for directed verdict because the State failed to introduce substantial evidence for each of the elements of theft of utility property. We affirm.

*Sufficiency of the Evidence*

Although it is his last point on appeal, due to double-jeopardy concerns, we must address Merchant's sufficiency-of-the-evidence challenge first. *Todd v. State*, 2016 Ark. App. 280, 494 S.W.3d 444. Merchant was charged with theft of utility property valued at $500 or more pursuant to Arkansas Code Annotated section 5-36-103(a)(1) and (b)(1)(E)(i)−(ii)*(a)–(b)* (Repl. 2013). This statute provides that a person commits theft of property if he or she knowingly takes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property. Ark. Code Ann. § 5-36-103(a)(1). Such a theft is a Class B felony if the property is utility property and the value of the property is $500 or more. Ark. Code Ann. § 5-36-103(b)(1)(E)(i). "Utility" is defined as "any person or entity providing to the public gas, electricity, water, sewer, telephone, telegraph, radio, radio common carrier, railway, railroad, cable and broadcast television, video, or Internet services." Ark. Code Ann. § 536-103(b)(1)(E)(ii)*(a)*. "Utility property" is defined as

> any component that is reasonably necessary to provide utility services, including without limitation any wire, pole, facility, machinery, tool, equipment, cable, insulator, switch, signal, duct, fiber optic cable, conduit, plant, work, system, substation, transmission or distribution structure, line, street lighting fixture, generating plant, equipment, pipe, main, transformer, underground line, gas compressor, meter, or any other building or structure or part of a building or structure that a utility uses in the production or use of its services.

Ark. Code Ann. § 5-36-103(b)(1)(E)(ii)*(b)*.

A directed-verdict motion is a challenge to the sufficiency of the evidence. *Holland v. State*, 2017 Ark. App. 49, 510 S.W.3d 311. Our test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence. *Wells v. State*, 2017

Ark. App. 174, 518 S.W.3d 106. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* On appeal, the evidence is viewed in the light most favorable to the State, and only the evidence supporting the verdict is considered. *Wells, supra.*

Merchant's sufficiency argument is not preserved for appellate review. At the close of the State's case, Merchant's counsel made the following directed-verdict motion: "Your Honor, at this time I would make a motion for a directed verdict based on the State's inability to prove their case beyond a reasonable doubt as to each and every element of the offense." This motion was denied. Merchant called no witnesses and renewed his motion for directed verdict, which was again denied.

Rule 33.1(b) of the Arkansas Rules of Criminal Procedure requires that a directed-verdict motion based on insufficient evidence must specify in what manner the evidence is deficient; a motion merely stating that the evidence is insufficient does not preserve issues concerning a specific deficiency such as insufficient proof on the elements of the offense for appellate review. Rule 33.1 is to be strictly construed. *Pinell v. State*, 364 Ark. 353, 219 S.W.3d 168 (2005). The reasoning behind Rule 33.1 "is that when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof." *Id.* at 357, 219 S.W.3d at 171. Another reason the motion must be specific is because the appellate courts cannot decide an issue for the first time on appeal. *Id.* Because Merchant's directed-verdict motion failed to specify in what manner the State's proof was insufficient, this argument is not preserved for appellate review.

*Definition of Utility Property*

Merchant was charged with stealing copper wiring from an out-of-service locomotive. Merchant argues, without citation to authority, that neither the locomotive nor the copper wiring was "utility property" and that it was not proved that Arkansas Southern Railroad, the entity that owned the locomotive from which the copper wiring had been stolen, was a utility. These arguments were never made to the circuit court, and Merchant is now precluded from raising them for the first time on appeal. *Torres v. State*, 2017 Ark. App. 425. A party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal. *Brewer v. State*, 2017 Ark. App. 119, 515 S.W.3d 629.

*Jury Instruction*

Merchant next argues that the model jury instruction for theft of utility property does not require the State to prove that the theft was from a "utility" and was "utility property." He further argues that the jury-verdict form also omitted the requirement for the State to prove the stolen property was "utility property." These arguments were never made to the circuit court; therefore, they cannot be raised for the first time on appeal. *Torres, supra.*

*Failure to Include Misdemeanor Theft as a Lesser-Included Offense*

Merchant's last argument is that the jury should have been instructed on misdemeanor theft as a lesser-included offense of theft of utility property. Misdemeanor theft is a lesser-included offense of felony theft of property. *Washington v. State*, 2013 Ark. App. 148. However, Merchant failed to request that the lesser-included instruction be submitted to the jury for consideration; therefore, the issue is not preserved for appellate

review.  *Bryant v. State*, 2011 Ark. App. 348, 384 S.W.3d 46.  Furthermore, Merchant failed to raise the argument of a lesser-included offense when he moved for a directed verdict, which also precludes our consideration of this argument. *Bryant*, *supra*.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

*J. Randle Smolarz*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.