PHILLIP T. WHITEAKER, Judge
Appellant Christopher Reynolds was convicted by a Clark County jury of one count of first-degree domestic battery and was sentenced to fourteen years' imprisonment. Reynolds's attorney initially filed a motion to withdraw as counsel and a no-merit brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. We denied counsel's motion to withdraw, holding that the brief failed to address numerous adverse rulings. Reynolds v. State , 2017 Ark. App. 397, 2017 WL 2672644 ( Reynolds I ). Reynolds subsequently obtained new counsel, who has filed a merit brief in which he challenges the sufficiency of the evidence supporting the verdict and the circuit court's refusal to give a proffered instruction. We affirm.
I. Background
Reynolds was charged with first-degree domestic battery based on allegations that he broke the leg of his girlfriend's four-year-old son, S.W. (S.W. experienced a severe transverse fracture injury to his left femur.) S.W. reported that Reynolds threw him onto a bed and spanked him, causing his injuries. Reynolds denied having caused the injury but suggested that the child had fallen down the stairs at home. Medical experts, as well as child-abuse experts, testified that such an injury was likely to have been caused by a "fairly high force trauma," like a car accident, or having a large, heavy object apply "a large amount of direct force to that part of the leg," or a fall from many stories high. As noted above, the jury convicted Reynolds of first-degree domestic battery.
II. Sufficiency of the Evidence
In what is actually his second point on appeal, Reynolds challenges the sufficiency of the evidence supporting the jury's verdict.[1] Reynolds was charged with first-degree domestic battery pursuant to *225 Arkansas Code Annotated section 5-26-303(a)(4) (Repl. 2013). Under that provision, a person commits domestic battery in the first degree if he or she causes serious physical injury to a family or household member under circumstances manifesting extreme indifference to the value of human life. Reynolds argues on appeal that the evidence was insufficient to show that he engaged in conduct that "manifested extreme indifference to the value of human life."
We cannot reach the merits of his argument, however, because he failed to preserve it for appellate review. Under Arkansas Rule of Criminal Procedure 33.1 (2016), Reynolds was required to state the specific grounds on which his motion for directed verdict relied. At trial, however, counsel moved for directed verdict as follows:
DEFENSE : Your Honor, at this point, the Defense moves for a directed verdict.
COURT : Okay. The State's position?
STATE : Certainly, we've made a prima facie case for the charge that we filed, Your Honor. The testimony has been direct.
COURT : Based on the testimony and the evidence thus far, I'll have to deny the motion for a directed verdict based on [the victim's] testimony, the expert witness testimony, and the accumulation of all the evidence at this point. I feel that I have to deny the motion for directed verdict at this point.
At the conclusion of trial, counsel renewed his motion as follows:
DEFENSE : Your Honor? I would-
COURT : Yes?
DEFENSE : -renew our motion for a directed verdict.
STATE : Your Honor, I think this case is very clear, the evidence has been presented, direct evidence from the stand, from the witnesses, from the victim, have all identified this defendant in the testimony that's been presented.
COURT : I'll show the motion for directed verdict has been renewed. I'm going to deny it for the same reasons I stated earlier and based on what I've heard today.
Here, Reynolds's motion for directed verdict did not state the specific grounds as required by Rule 33.1 ; rather, it merely stated that the evidence was insufficient. Our supreme court has held that such a motion does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. Breeden v. State , 2013 Ark. 145, at 4, 427 S.W.3d 5, 8.
Reynolds argues that a specific directed-verdict motion should not be necessary when making such a motion would not "serve the purpose" of Rule 33.1. We find no merit to this argument. Rule 33.1 is to be strictly construed. Pinell v. State , 364 Ark. 353, 219 S.W.3d 168 (2005) ; Merchant v. State , 2017 Ark. App. 576, 532 S.W.3d 136. Our appellate courts have been "steadfast in our holdings that ... we will not address the merits of an appellant's insufficiency argument where the directed-verdict motion is not specific." Kinsey v. State , 2016 Ark. 393, at 7-8, 503 S.W.3d 772, 777 ; Gillard v. State , 372 Ark. 98, 101, 270 S.W.3d 836, 838-39 (2008) ; Lewis v. State , 2017 Ark. App. 442, at 5, 528 S.W.3d 312, 316 ("[A] motion merely stating that the evidence is insufficient does not preserve for appellate purposes issues relating to a specific deficiency, such as insufficient proof on the elements of the offense[.]"). Reynolds's directed-verdict motion was thus clearly insufficient to preserve for appeal his challenge to the sufficiency of the evidence.
*226 III. Jury Instructions
In what is actually his first point on appeal, Reynolds argues that the circuit court erred in refusing to instruct the jury with a modified version of AMI Crim. 2d 2610, which is the jury instruction for domestic battering in the first degree. AMI Crim. 2d 2610 states that in order to prove the offense of domestic battering in the first degree, the State must prove beyond a reasonable doubt that the defendant "caused serious physical injury to a family or household member under circumstances manifesting extreme indifference to the value of human life." The instruction defines "family or household member" and "serious physical injury," but it does not define the phrase "circumstances manifesting extreme indifference to the value of human life."
During trial, Reynolds proffered a modified version of AMI Crim. 2d 2610 that would have included a definition of that phrase, as follows:
The Arkansas Supreme Court has interpreted the language "under circumstances manifesting extreme indifference to the value of human life" ( Ark. Code Ann. § 5-13-201(a)(3) ) to require proof of actions by the defendant "which create at least some risk of death and which, therefore, evidence a mental state on the part of the accused to engage in some life-threatening activity against the victim." Tigue v. State , 319 Ark. 147, 151-52, 889 S.W.2d 760, 762 (1994). The fact that the victim receives serious physical injuries does not ipso facto mean that the State has carried its burden of proof.
(Emphasis in original.)
At trial, counsel argued that including this definition in the jury instruction was "necessary for the jury's understanding of that language." He further contended that Tigue , supra , stated "very clearly that this particular charge requires a mental state. That mental state is not elucidated in the instruction itself and therefore it needs a definition." The circuit court said that it was taking Reynolds's argument "very seriously" but added that it understood Arkansas law to provide that a circuit court should always defer to the model instructions if the instruction covers the circumstances or the facts that have been presented. It therefore declined to give Reynolds's proffered instruction, concluding that "since the model instructions don't provide it, I'm not going to create it[.]" On appeal, Reynolds assigns error to this ruling.
A circuit court's decision whether to give an instruction will not be reversed unless the court abused its discretion. Griffin v. State , 2015 Ark. App. 63, at 10, 454 S.W.3d 262, 269 (citing Vidos v. State , 367 Ark. 296, 239 S.W.3d 467 (2006) ). Reynolds concedes that a model instruction should be given unless the circuit court finds that it does not accurately state the law. He nonetheless cites Hutcheson v. State , 92 Ark. App. 307, 317, 213 S.W.3d 25, 31 (2005), to argue that when no instruction exists on a subject upon which the jury should be instructed, an appropriate modification can be made and instruction can be given. The State responds that simply because a modified instruction can be given, it does not follow that one must be given. We agree.
Our supreme court recently addressed a similar argument in Pokatilov v. State , 2017 Ark. 264, 526 S.W.3d 849. There, appellant Pokatilov was charged with possession of a controlled substance with purpose to deliver. The State proceeded against him on a constructive-possession theory. At trial, Pokatilov proffered an instruction that defined "constructive possession" with language that differed from *227 the model instruction but that accurately recited language from supreme court opinions defining the term. The circuit court declined his proffer, and Pokatilov raised that denial as one of his arguments on appeal, contending that his proffer accurately stated the law. The supreme court rejected his argument, writing as follows:
In Walley v. State , 353 Ark. 586, 112 S.W.3d 349 (2003), the defendant proffered a jury instruction on constructive possession that included language stating that the State was required to prove that the defendant knew that the matter possessed was contraband. As here, the jury was given the model instruction. In holding that the trial court did not abuse its discretion by refusing to give the proffered instruction, we stated that just because a proffered instruction may be a correct statement of the law, that does not mean a circuit court must give the instruction to the jury. Walley , 353 Ark. at 601, 112 S.W.3d at 357. We further reiterated that a non-model instruction is only to be given when the model instruction does not correctly state the law or where there is no model rule on the subject. Id.
Pokatilov , 2017 Ark. 264, at 7-8, 526 S.W.3d at 856 (emphasis added).
This language is clearly controlling on the issue presented in the instant case. The mere fact that Reynolds's proffered instruction was a correct statement of the law does not mean that the circuit court abused its discretion in declining to give it. The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision. Hill v. State , 2015 Ark. App. 587, at 4, 473 S.W.3d 556, 558 (citing Grant v. State , 357 Ark. 91, 161 S.W.3d 785 (2004) ). An abuse of discretion requires the appellant to make a showing that the circuit court acted improvidently, thoughtlessly, or without due consideration. Id. ; Toombs v. State , 2015 Ark. App. 71, 2015 WL 585587 ; Holland v. State , 2014 Ark. App. 644, 448 S.W.3d 220. It is apparent from the lengthy discussion between the court and counsel described above that the circuit court clearly did not act improvidently, thoughtlessly, or without due consideration. The circuit court carefully considered Reynolds's proffered instruction and declined to give it. Our supreme court's caselaw makes it clear that such a decision was not an abuse of discretion.
Affirmed.
Klappenbach and Vaught, JJ., agree.

Although he raises this as his second point, we must consider Reynolds's sufficiency argument first on appeal, as preservation of his right against double jeopardy requires our court to consider challenges to the sufficiency of the evidence before alleged trial error is considered, even if the sufficiency-of-the-evidence issue is not presented as the first issue on appeal. Lewis v. State , 2017 Ark. App. 442, at 4, 528 S.W.3d 312.