Cite as 2019 Ark. App. 507

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR–19–369

|  |  |
|---|---|
| COURTNEY DANIELS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** October 30, 2019<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JCR-18-333]<br><br>HONORABLE RANDY F. PHILHOURS, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Courtney Daniels was found guilty by a Craighead County jury of one count of breaking or entering and sentenced to serve a term of six years in the Arkansas Department of Correction and ordered to pay a $5000 fine. On appeal, he contends that the circuit court erred in denying his directed-verdict motion, arguing there was insufficient evidence to sustain the conviction. We affirm appellant's conviction without reaching the merit of his sufficiency challenge due to his failure to preserve the argument for appellate review.

As he was leaving for work in the early morning hours of January 5, 2018, Dan Hancock saw a man "robbing" his neighbor's vehicle. Hancock reached for the nine-millimeter pistol that he kept in his truck but discovered that it was missing. The man, whom Hancock described as wearing a dark hoodie and dark pants, took off running; at the

same time, a car that was parked directly behind his (Hancock's) drove off. Hancock chased the car, took down the license-plate number, and provided it to police.

Security-camera footage obtained by the Jonesboro Police Department from Hancock's neighbor showed appellant checking the door handles of several vehicles and "rummaging through" another vehicle. The man in the footage was wearing clothing similar to the clothing worn by the man Hancock described—he was wearing a dark hoodie and dark pants. He was also wearing a knit hat displaying the word "DOPE" across the front.

The Jonesboro Police Department tracked the license-plate number provided by Hancock to a car owned by Chelsea Cannady. After obtaining a search warrant, police searched the vehicle and found a marriage license with Cannady's and appellant's names on it and a knit hat with the word "DOPE" on the front that matched the one seen in the security-camera footage.

Appellant was charged with breaking or entering and theft of property.[1] The jury found appellant guilty of breaking or entering; however, the jury was unable to reach a verdict on theft of property, and a mistrial was granted as to that charge. Appellant was sentenced to a term of six years' incarceration and ordered to pay a $5000 fine. He now appeals.

Appellant argues that the circuit court erred when it denied his motion for directed verdict because "there was insufficient substantial proof to sustain a conviction" against him.

---

[1]Appellant was initially charged with criminal mischief and an additional count of breaking or entering; however, these charges were nolle prossed.

In order to preserve a sufficiency challenge on appeal, a timely, clear, and specific motion for directed verdict must be made to the circuit court.[2] Our courts have explained that the reason for the specificity requirement for a directed-verdict motion is that

> when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or if justice requires, allow the State to reopen its case and supply the missing proof. A further reason that the motion must be specific is that this court may not decide an issue for the first time on appeal.[3]

At the close of the State's case, appellant moved for a directed verdict stating,

> Your Honor, I just want to make a Motion for Directed Verdict, and I'm going to be referring to the information that is filed by Mr. DeProw. As to Count 1, breaking or entering, as it says here said defendant in this case Mr. Daniels, did unlawfully and feloniously about January 5 for the purposes of committing the theft of felony, entered, or breaking into a vehicle. All right. So my basis for the motion on this count would be that—while the Prosecution has entered evidence, which they purport to show the presence of Mr. Daniels in the neighborhood, also evidence from the police department, and from one of the victims, the presence of an automobile belonging to Chelsea Cannady. There's been no evidence regarding the actual breaking or entering into the truck of Mr. Hancock by Courtney Daniels. In regarding the committing of a felony or theft, I admit there is circumstantial. I am making this based on direct evidence, so that is as to that count.

A person commits the offense of breaking or entering if for the purpose of committing a theft or felony he or she breaks or enters into any building, structure, or vehicle.[4] In his directed-verdict motion, appellant argued that there was "no evidence regarding the actual breaking or entering into" Hancock's truck by appellant. On appeal, appellant now contends that the State failed to provide sufficient evidence of his "purpose" to commit a theft. A party is bound by the nature and scope of the objections and arguments

---

[2]Ark. R. Crim. P. 33.1(c).

[3]*Pinell v. State*, 364 Ark. 353, 357, 219 S.W.3d 168, 171 (2005) (citations omitted).

[4]*See* Ark. Code Ann. § 5-39-202(a)(1) (Repl. 2013).

3

made at trial and may not enlarge or change those grounds on appeal.[5]  Here, at trial appellant failed to move for a directed verdict on the "purpose" argument that he now makes.  Consequently, the issue is not preserved for our review.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

---

[5]*Merchant v. State*, 2017 Ark. App. 576, 532 S.W.3d 136.