Cite as 2021 Ark. App. 206

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR–20–450

| | | |
|---|---|---|
| CHRISTIAN HEVERLY | | **Opinion Delivered:** May 5, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-18-379] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | | AFFIRMED |

## BART F. VIRDEN, Judge

Christian Heverly appeals his conviction by a Garland County Circuit Court jury of video voyeurism and rape, challenging the sufficiency of the evidence. Heverly failed to preserve his argument for appeal, and we affirm.

On June 5, 2018, the prosecuting attorney filed a criminal information charging Heverly with raping AL on May 6, 2016. The information was later amended to include a second charge of video voyeurism perpetrated against the same victim and occurring on the same date.

At the jury trial on December 11, 2019, AL offered extensive testimony regarding the events of the evening that led up to her rape. After having a fight with her boyfriend, AL asked Heverly to pick her up at a Walgreens on Highway 7. AL testified that Heverly drove her to his house, and when they arrived, they drove a golf cart to the liquor store and

bought alcohol. After arriving home from the liquor store, they sat on the porch and smoked marijuana and drank. AL testified that two days earlier, she had used methamphetamine and had not slept since then. AL also stated that she had taken Klonopin before Heverly arrived to pick her up. AL explained that at one point in the evening, she became "agitated" and sat in Heverly's truck, where she saw demons. While she was sitting in the truck, Heverly brought her a whiskey and Coke that did not taste right and had white specks floating in it. AL went back inside the house, and Heverly gave her what he told her was a muscle relaxer, which she took. AL fell asleep, and the only thing she remembered until the next morning was waking up briefly and Heverly telling her "don't worry. I'm shaving you." AL testified that she had gone to sleep fully clothed; however, she woke up the next day not wearing her underwear or pants, and her shirt and bra were pulled up above her breasts. She testified that her back, vagina, and anal area hurt. AL put on her clothes, and pretended to step outside to smoke, then ran from Heverly's home. AL stated that she called the police and was taken to the hospital by ambulance. At the hospital, a rape kit was performed, and AL discovered that her pubic area had been shaved. AL recalled that she never told Heverly he could have sex with her and that she specifically told him no two times. AL stated that she recently heard that Heverly had taken photographs of her that night, but she did not agree to be photographed and she had never seen the pictures.

In addition to AL's testimony, a forensic scientist from the Arkansas State Crime Laboratory testified that Heverly's DNA was found in AL's underwear. Pictures from

Heverly's cell phone depicting himself posing next to AL's shaved genital area and digitally raping her were admitted as evidence.

When the State concluded its case, Heverly's counsel announced his intention to move for a directed verdict, then stated, "[S]trike that. At this time, I want to renew each, and every motion previously filed, argued and ruled upon by the court." After recounting the previous motions, counsel moved for a directed verdict and stated that

> I couldn't find any case law that supports this, but I'm gonna move for a directed verdict that the Court – in light of the testimony offered by AL and the unbelievable portions of her testimony, that her reliability is such that the Court should not submit this to the jury. That there is no fact in dispute that they could reasonably rely upon based on her testimony, and I'm gonna move for a directed verdict that it should not be submitted to the jury; that the prosecutrix is unbelievable or should not be believed. And I guess it should be argued as a matter of law, but I cannot find any case law that says that this is an actual appropriate ground for directed verdict, but I think I ought to make it anyway.

The State responded that credibility is a matter for the jury, and defense counsel agreed. After some discussion of other objections and testimony, the court asked counsel, "And you are satisfied you've made your motion for a directed verdict at the close of the State's case with enough specificity to preserve?" Counsel responded, "I would hope that I have." Again, the court pursued the matter, stating that "I really hadn't heard anything relative to the specifics of video voyeurism or the specifics of what elements in the rape you think the State failed to prove." Counsel agreed that the State had met its burden of proof and explained that "that's exactly my point is, is that the prosecutrix testified that she did not consent to either one, and if that's the case then the State has sustained its burden enough

3

to be submitted to the jury. That's why I have made the motion as I did as to believability, credibility, et cetera."

Heverly was found guilty of rape and video voyeurism and was sentenced to serve 420 months and 180 months, respectively, in the Arkansas Department of Correction. He timely filed a notice of appeal.

On appeal, Heverly challenges the sufficiency of the evidence supporting his conviction, arguing that the victim's testimony was not credible. The crux of his argument is that the victim "was not clearly aware of what was happening on the night of the incident. As such, she could not give a coherent version of the facts." Heverly's argument is not preserved.

Rule 33.1(b) of the Arkansas Rules of Criminal Procedure requires that a directed-verdict motion based on insufficient evidence must specify in what manner the evidence is deficient; a motion merely stating that the evidence is insufficient does not preserve issues concerning a specific deficiency—such as insufficient proof on the elements of the offense—for appellate review. Rule 33.1 is to be strictly construed. *Pinell v. State*, 364 Ark. 353, 219 S.W.3d 168 (2005). The reasoning behind Rule 33.1 "is that when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof." *Id.* at 357, 219 S.W.3d at 171.

Counsel did not attack the sufficiency of the State's evidence that Heverly committed rape and video voyeurism and instead focused on the victim's credibility. Counsel's

directed-verdict motion not only failed to specify in what manner the State's proof was insufficient, but also he agreed with the court that the State had met its burden of sufficiently proving the elements of the charges against Heverly. Accordingly, we affirm.

Affirmed.

MURPHY and BROWN, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.